UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Case No. 1:23-cv- _____

**TYRIQ MILLER** and **ISAAC SMITH,**

      **Plaintiff,**

v.

**GILBERT'S TREE SERVICE, INC.,** d/b/a **GILBERT'S TREE & LANDSCAPING,**
and **GILBERT RODRIQUEZ,** an individual,

      **Defendants.**

---

# COMPLAINT

Plaintiffs Tyriq Miller and Isaac Smith, through counsel, and for their Complaint against Gilbert's Tree Service, Inc., d/b/a Gilbert's Tree & Landscaping, and Gilbert Rodriquez (collectively "Defendants") alleges as follows:

## INTRODUCTION

1. Plaintiffs Tyriq Miller and Isaac Smith ("Plaintiffs") worked as arborists for Defendants' tree and landscaping company from approximately June 1, 2020, to August 2, 2023, and August 1, 2020 to August 2, 2023, respectively. As part of their work for Defendants, Plaintiffs provided hands-on labor for Defendants' business. Plaintiffs were compensated on an hourly basis. For their work, however, they were both largely unpaid and otherwise underpaid. Specifically, Defendants failed to keep track of Plaintiffs' time resulting in underpayment of their wages, Defendants did not pay Plaintiffs overtime compensation for hours worked more than 40 hours in a week, and made improper deductions from their compensation for allegedly damaged customer property and company tools. Plaintiffs

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

made numerous requests for updates regarding their pay and further requested information about their hours worked, but Defendants failed to provide them with any information, answers, or wages. Plaintiffs sent Defendants a wage demand letter but have still not received their full compensation payment.

2. To challenge these and other wage violations, Plaintiffs bring this action, by and through their attorneys, against Defendants Gilbert's Tree Service, Inc., d/b/a Gilbert's Tree & Landscaping and Gilbert Rodriquez, an individual, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA"), the Colorado Wage Claim Act, §8-4-101, *et seq*. and the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq*., as implemented by the Colorado Minimum Wage Order (the "Minimum Wage Orders") and then the Colorado Overtime and Minimum Pay Standards Orders ("COMPS") (collectively, "CWCA").

3. Plaintiffs further allege that Defendants violated the anti-retaliation provisions of the FLSA and CWCA by terminating them in response to their lawyer reaching out to the Defendants regarding their wage claim.

4. Plaintiffs also bring conversion claims against Defendants, under C.R.S. § 18-4-405 and relevant case law, because Defendants' failure to pay the Plaintiffs less than the minimum wage and their willful refusal to pay their full wages are defined by relevant regulations to constitute theft of services, upon which a civil claim for conversion can lie. C.R.S. § 18-4-401 and COMPS #37–38, § 8.4

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Miller & Smith v. Gilbert's Tree Service, et al.*
USDC, District of Colorado

Complaint
Page 2

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

6. This Court has supplemental jurisdiction over Plaintiffs' state law claims by authority of 28 U.S.C. § 1367.

7. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred at the Defendants' landscaping business, located at 11556 Co. Hwy 94, Colorado Springs, CO 80929, and one or more of the Defendants named herein resides in this district.

## PARTIES

**Defendant Gilbert's Tree Service, Inc., d/b/a Gilbert's Tree & Landscaping**

8. Defendant **Gilbert's Tree Service, Inc., d/b/a Gilbert's Tree & Landscaping** (hereinafter "Gilbert's Tree Service") is a corporation doing business within El Paso County, and whose principal place of business is located at 11556 Co. Hwy 94, Colorado Springs, CO 80929. Its registered agent is listed with the Colorado Department of State as Gilbert Rodriquez with an address of 8525 Squirrel Creek Rd., Fountain, CO 80817.

9. Defendant Gilbert's Tree Service operates a tree and landscaping business.

10. At all relevant times, Defendant Gilbert's Tree Service had annual gross revenues in excess of $500,000.

11. At all relevant times, Defendant Gilbert's Tree Service was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

12. Upon information and belief Defendant Gilbert's Tree Service purchases supplies,

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Miller & Smith v. Gilbert's Tree Service, et al.*
USDC, District of Colorado

Complaint
Page 3

equipment, and other necessary items to run its business and serve its customers, using out of state vendors selling such supplies and equipment originating outside the state of Colorado. Furthermore, Defendant Gilbert's Tree Service advertises its business to the entire world using the world wide web at https://gilbertstreeservice.com/. Defendant Gilbert's Tree Service also accepts payments by credit card and, upon information and belief, utilizes phone and internet lines to accept and transmit payments.

13. At all times material to this action, Defendant Gilbert's Tree Service was subject to the FLSA and was an "employer" of the Plaintiffs, as defined by § 203(b) of the FLSA.

**Defendant Gilbert Rodriquez**

14. Upon information and belief, Defendant Gilbert Rodriquez, an individual, resides at 8525 Squirrel Creek Rd., Fountain, CO 80817.

15. At all times material to this action, Defendant Rodriquez is an owner of Defendant Gilbert's Tree Service and actively participated in the business of the corporation.

16. At all times material to this action, Defendant Rodriquez exercised substantial control over the functions of the company's employees including Plaintiffs. For example, Defendant had the ability and authority to hire and fire employees, set rates of pay, and set employee schedules.

17. At all times material to this action, Defendant Rodriquez was an "employer" of the Plaintiffs, as defined by § 203(b) of the FLSA, and the CWA.

18. Defendant Rodriquez has an ownership interest in and/or is a shareholder of Gilbert's Tree Service.

19. At all relevant times, Defendants were engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a)

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Miller & Smith v. Gilbert's Tree Service, et al.*
USDC, District of Colorado

Complaint
Page 4

and 207(a).

20. The Defendants have purchased supplies and equipment from out of state, in furtherance of their landscaping business.

21. At all times material to this action, Defendants were subject to the FLSA and an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Plaintiff Tyriq Miller**

22. Plaintiff Tyriq Miller is a resident of Colorado Springs, Colorado, which is in El Paso County.

23. Plaintiff Miller worked for Gilbert's Tree Service as an arborist from approximately June 1, 2020, to August 2, 2023.

24. In his role as an arborist, Plaintiff Miller's duties and responsibilities ranged from loading and unloading the trucks with the equipment needed for the day and providing landscaping services for the Defendants' customers.

25. Plaintiff worked "off the clock" insofar as Defendants required him to perform work before clocking in and/or after clocking out. Specifically, he was not paid for the time when he loaded and unloaded the trucks at the beginning and end of the day.

26. At all times material to this action, Plaintiff Miller was an "employee" within the meaning of 29 U.S.C. § 203(e) and 7 C.C.R. 1103-1(2).

27. Plaintiff Miller's primary supervisor was Gilbert Rodriquez.

28. Plaintiff Miller estimates that he worked a minimum of 40 hours per week and over 40 hours per week during peak season.

29. While working for Defendants, Plaintiff Miller was not expected to record his time. Upon information and belief, Defendants are in possession of all employees' time records,

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Miller & Smith v. Gilbert's Tree Service, et al.*
USDC, District of Colorado

Complaint
Page 5

including those of Plaintiff Miller.

30. Plaintiff Miller's shift was typically 7:00 AM to 5:00 PM, 5 days per week, but it was not uncommon for him to work outside of those hours.

31. Plaintiff Miller worked "off the clock," insofar as Defendants required him to perform work before clocking in and/or after clocking out. Specifically, while Plaintiff Miller's active work began work at 7:00 AM, he would arrive at work earlier to load the truck for the day's work. Also, Plaintiff Miller usually left work at varying times from 6:00 PM onward because he unloaded and cleaned the truck at the end of the day.

32. While in this position, Plaintiff Miller's pay scheme started out as hourly then moved to a salary position.

33. Plaintiff Miller's rate of pay began as $14.00 per hour. He was moved up to a salary of $1,300.00 per week. He was not compensated anything extra for overtime pay. Beginning in November 2022 to August 2023, Plaintiff Miller's pay reverted back to an hourly amount of $22.00 per hour. For any overtime hours worked in a given workweek, Plaintiff Miller received no compensation from Defendants.

34. As Plaintiff Miller was not paid for all overtime, he was not paid at a rate of one and one half times his normal hourly rate for all hours worked over 40 hours in a given workweek.

35. Plaintiff generally got 30 minutes as a meal break, and the time was deducted by Defendants.

36. The Defendants also deducted 30 minutes from Plaintiff Miller's pay even when he did not take the lunch break and when they knew he did not get such a break.

37. Defendants "shaved" or improperly adjusted Plaintiff Miller's time by reducing his hours worked. Defendants also made deductions for damaged equipment and tools.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Miller & Smith v. Gilbert's Tree Service, et al.*
USDC, District of Colorado

Complaint
Page 6

38. Upon receipt of Plaintiffs' counsel's letter making a preliminary introduction including that the firm's representation was in regard to the Plaintiff's wage claim, Defendants terminated Plaintiff Miller.

**Plaintiff Isaac Smith**

39. Plaintiff Isaac Smith is a resident of Colorado Springs, Colorado, which is in El Paso County.

40. Plaintiff Smith worked for Gilbert's Tree Service as an arborist from approximately August 1, 2020, to August 2, 2023.

41. At all times material to this action, Plaintiff Smith was an "employee" within the meaning of 29 U.S.C. § 203(e) and 7 C.C.R. 1103-1(2).

42. In this position, Plaintiff Smith regularly handled merchandise and landscaping supplies that originated outside of Colorado and from throughout the United States

43. Plaintiff Smith estimates that he regularly worked over 40 hours per week and sometimes worked over 10 hours in a day.

44. While working for Defendants, Plaintiff Smith was not expected to record his time. Upon information and belief, Defendants are in possession of all employees' time records, including those of Plaintiff Smith.

45. Plaintiff Smith typically started work at 7:30 AM and stopped work at 5:00 PM, but it was not uncommon for him to work after 5:00 PM. Plaintiff Smith usually worked 5 days per week.

46. While in this position, Plaintiff Smith's pay scheme started as hourly then moved to a salary position.

47. Plaintiff Smith's rate of pay varied widely, often without notice of the changes in advance.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Miller & Smith v. Gilbert's Tree Service, et al.*
USDC, District of Colorado

Complaint
Page 7

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

He began at $15.00 per hour. was At one point this moved up to a rate of $30.00 per hour. He was not compensated for overtime pay.

48. It is estimated that Plaintiff Smith regularly worked at least 45 hours a week.

49. For any overtime hours worked in each workweek, Plaintiff Smith received no compensation from Defendants.

50. As Plaintiff Smith was not paid for all overtime, he was not paid at a rate of one and one half times his normal hourly rate for all hours worked over 40 hours in a given workweek.

51. Plaintiff Smith generally got 30 minutes as a meal break, and the time was deducted by Defendants.

52. However, the Defendants deducted 30 minutes from Plaintiff Smith's pay even when he did not take the lunch break and they know he did not get such a break.

53. Defendants "shaved" or improperly adjusted Plaintiff Smith's time by reducing his hours worked. Defendants also made deductions for damaged equipment and tools.

54. Upon receipt of Plaintiffs' counsel's letter making a preliminary introduction including that the firm's representation was in regard to the Plaintiff's wage claim, Defendants terminated Plaintiff Smith.

## **LEGAL CLAIMS**

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

55. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates those arguments as though fully set forth here.

***Failure To Pay Time Overtime Properly***

56. Defendants failed to compensate Plaintiffs at a rate of one and one half times his normal

hourly rate for all hours over 40 worked in a workweek, in violation of the FLSA.

***Willful & Not Based On Good Faith & Entitlement to Damages***

57. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

58. At all relevant times, Defendants knew of the FLSA's requirements regarding overtime. In paying Plaintiffs in the manner in which Defendants did, Defendants knowingly violated the mandates of the FLSA.

59. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

60. As a result of the violations by Defendants of the FLSA, the Plaintiffs are entitled to all damages available under the FLSA which include, but are not limited to all unpaid overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

### As And For A Second Cause of Action:
### COLORADO WAGE ACT VIOLATIONS

61. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates those arguments as though fully set forth here.

62. The Defendants were Plaintiffs' "employer" as that term is defined by the COMPS. 7 C.C.R. 1103-1(1.6).

63. Plaintiffs were Defendants' "employees" as that term is defined by the Wage Orders / COMPS because they performed labor for the benefit of Defendants in which Defendants commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2).

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Miller & Smith v. Gilbert's Tree Service, et al.*
USDC, District of Colorado

Complaint
Page 9

### *Failure to Pay Weekly Overtime Premiums*
**(Violation of the Colorado Wage Act, C.R.S. §§ 8-4-109; 7 C.C.R. 1103-1(4))**

64. Plaintiffs worked more than 40 hours at least some workweeks.

65. Defendants did not pay the Plaintiffs overtime premiums for hours worked over 40 in each workweek.

66. As a result, Plaintiffs have suffered lost wages and lost use of those wages in an amount to be determined at trial.

67. Plaintiffs are entitled to recover in a civil action the unpaid balance of the full amount of the wages owed to them and penalties. C.R.S. § 8-4-109; 7 C.C.R. 1103-1(18).

68. Defendants violated the CWA as implemented by the Wage Orders/COMPS, when they failed to pay the Plaintiffs overtime premiums for hours worked over 40 in each given workweek. 7 C.C.R. §1103-1(4).

69. For any and all time worked by Plaintiffs, or to be credited to Plaintiffs during a workweek, Plaintiffs are entitled to pay at their regular rate of pay for work up to 40 hours of work per workweek, and at time-and-a-half for all of work over 40 hours per workweek or 12 hours per day.

### *Failure to Pay Wages When Due*
**(Violation of the C.R.S. § 8-6-103)**

70. The Defendants failed to pay Plaintiffs all their earned wages when due.

71. Specifically, Defendants failed to pay Plaintiffs for their overtime at the conclusion of every weekly pay period, or even in Plaintiffs' last and final paycheck.

### *Failure to Pay All Earned Wages*
**(Violation of the C.R.S. § 8-6-109)**

72. Plaintiffs have been separated from employment with Defendants.

73. Defendants have failed to pay Plaintiffs all their wages and compensation earned during

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Miller & Smith v. Gilbert's Tree Service, et al.*
USDC, District of Colorado

Complaint
Page 10

Plaintiffs' employment.

74. Specifically, even after Plaintiffs addressed pay discrepancies with Defendants, Defendants continued to refuse to pay Plaintiffs all their earned wages.

### *Improper Deductions*
**(Violation of the C.R.S. § 8-4-105)**

75. The Defendants made deductions from Plaintiffs' wages other than those authorized under C.R.S. § 8-4-105, 7 C.C.R. 1103-1 (9).

### *Record-Keeping Failures; Failure to Provide Pay Stubs*
**(Violation of the CMWA, C.R.S. §§ 8-6-101, *et seq.*, Wage Order 7 C.C.R. 1103-1(12))**

76. Defendants failed to maintain a true and accurate record for each employee, including Plaintiffs, of the following information:

   a. name, address, social security number, occupation and date of hire

   b. date of birth, if the employee is under eighteen (18) years of age

   c. daily record of all hours worked

   d. record of allowable credits and declared tips

   e. regular rates of pay, gross wages earned, withholdings made and net amounts paid each pay period.

77. Defendants failed to provide a paystub, or an itemized earnings statement of this information, to Plaintiffs for each pay period. C.R.S. 8-4-103(4); C.R.S. §§ 8-6-101, et seq., Wage Order 7 C.C.R. 1103-1(12)).

### *Failure to Pay Wages In Response to Wage Demand*
**(Violation of the C.R.S. § 8-6-109)**

75. Should Defendants fail to pay all wages owed to plaintiff within 14 days of receiving this lawsuit, Defendants will owe Plaintiffs statutory penalties in the amounts set forth in C.R.S. § 8-4-109.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Miller & Smith v. Gilbert's Tree Service, et al.*
USDC, District of Colorado

Complaint
Page 11

*Damages*

76. Plaintiffs are entitled to recover in this civil action the unpaid balance of the full amount of unpaid wages and/or underpaid overtime wages that are owed and appropriate penalties, together with reasonable attorney fees and court costs. C.R.S. § 8-6-118; 7 C.C.R § 1103-1(18).

**As And For A Third Cause of Action:
FLSA – RETALIATION**

78. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates those arguments as though fully set forth here.

79. Plaintiffs hired counsel to pursue claims related to their underpaid wages. When counsel wrote Defendants a letter of introduction, including that the nature fo the dispute was a wage claim, Defendants responded by immediately terminating both Plaintiffs' employment.

80. By pursuing a wage claim with the assistance of counsel, Plaintiffs engaged in a statutorily protected activity.

81. Plaintiffs' termination from employment was an adverse employment action.

82. Plaintiffs' termination from employment was causally connected to Defendants' receipt of Plaintiffs' lawyers' letter.

83. Defendant violated the provisions of Section 15(a)(3) of the FLSA (29 U.S.C. § 215(a)(3)), by discriminating against Plaintiffs for exercising rights protected under the Act.

84. As a result of these violations by Defendant of the FLSA, the Plaintiffs are entitled to damages as set forth in the FLSA, more specifically 29 U.S.C. § 215(a)(3), in an amount

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Miller & Smith v. Gilbert's Tree Service, et al.*
USDC, District of Colorado

Complaint
Page 12

to be determined at trial.

### As And For A Fourth Cause of Action:
### CWCA – RETALIATION

85. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates those arguments as though fully set forth here.

86. By complaining about the propriety of these pay practices to Defendants, Plaintiffs engaged in an activity protected under COMPS § 8.5.

87. Defendants violated the provisions of COMPS § 8.5.by retaliating against Plaintiffs for exercising protected rights.

88. As a result of these violations by Defendants of the CWCA, the Plaintiffs are entitled to damages in an amount to be determined at trial

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

(A) Award Plaintiffs unpaid and underpaid wages due under the FLSA and the CWCA; and

(B) Award Plaintiffs liquidated damages in the amount of his unpaid FLSA wages pursuant to 29 U.S.C. § 216(b); and

(C) Award Plaintiffs liquidated damages as provided for by Colorado law; and

(D) Award Plaintiffs statutory damages as provided for the CWCA; and

(E) Award Plaintiffs interest; and

(F) Award Plaintiffs appropriate damages for the retaliatory acts taken against them,

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Miller & Smith v. Gilbert's Tree Service, et al.*
USDC, District of Colorado

Complaint
Page 13

DocuSign Envelope ID: 25DEA37A-3B9D-4B49-A6A5-F5AF87CA308A

including back pay, front pay in lieu of reinstatement, emotional distress, other appropriate actual, general, or compensatory damages, and punitive damages, in an amount to be determined at trial; Award Plaintiffs the costs of this action together with reasonable attorneys' fees; and

(G)     Award such other and further relief as this Court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **2nd** day of **January**, **2024**.

           ANDERSONDODSON, P.C.

           *s/ Joseph W. Galera*
           **Joseph W. Galera**
           jgalera@andersondodson.com
           CO Bar Reg No. 34983
           14143 Denver West Parkway
           Suite 100-50
           Golden, Colorado 80401
           (212) 961-7639

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Miller & Smith v. Gilbert's Tree Service, et al.*
USDC, District of Colorado

Complaint
Page 14

# VERIFICATION

**I declare under penalty of perjury under the law of Colorado that the foregoing Complaint is true and correct.**

Executed on  1/2/2024  at  1/2/2024
 (date)    (city or other location, and state)

TYRIQ MILLER

Printed name of Plaintiff Tyriq Miller    Signature of Plaintiff

*DocuSigned by:*
F14919857B1945F...

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Miller & Smith v. Gilbert's Tree Service, et al.*
USDC, District of Colorado

Complaint
Page 15

## VERIFICATION

**I declare under penalty of perjury under the law of Colorado that the foregoing Complaint is true and correct.**

Executed on 1/2/2024            at  1/2/2024
(date)                              (city or other location, and state)

Isaac Smith                                         *DocuSigned by:*
                                                    [signature]
                                                    C2658D6847D046E...
Printed name of Plaintiff Isaac Smith               Signature of Plaintiff

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Miller & Smith v. Gilbert's Tree Service, et al.*                Complaint
USDC, District of Colorado                                         Page 16