IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:24-cv-00003-CNS-MDB

TYRIQ MILLER and
ISAAC SMITH,

      Plaintiffs,

v.

GILBERTS TREE SERVICE, INC. d/b/a Gilberts Tree and Landscaping,
GILBERT RODRIGUEZ, an individual, and
JOHN MATHENY, an individual,

      Defendants.

---

**ORDER**

---

Before the Court is the Report and Recommendation by United States Magistrate Judge Maritza Dominguez Braswell issued on June 8, 2026, recommending that Plaintiffs' Renewed and Amended Motion for Default Judgment (as to Defendant John Matheny Only), ECF No. 72, be GRANTED. *See* ECF No. 75 (the Recommendation). No party filed an objection to the Recommendation. For the following reasons, the Court AFFIRMS and ADOPTS the Recommendation and GRANTS Plaintiffs' Motion for Default Judgment.

## I. BACKGROUND[1]

On January 2, 2024, Plaintiffs initiated this wage theft action against their former employer, Gilbert's Tree Service, Inc. (the Company), and its owner, Gilbert Rodriguez. *See* ECF No. 1. On March 30, 2024, Plaintiffs filed an Amended Complaint adding John Matheny as a Defendant.[2] *See* ECF No. 11. Plaintiffs allege that throughout their employment, they were subjected to a systematic pattern of wage violations, including uncompensated off-the-clock work, improper meal break deductions, "shaving" of hours worked, pay deductions for damaged equipment or tools, and failure to pay overtime compensation. *Id*. at 6 ¶ 12; *id*. at 7 ¶¶ 18, 20, 22–24; *id*. at 9 ¶¶ 36, 38–40. Both Plaintiffs were ultimately terminated after the Company received letters from Plaintiffs' counsel. *Id*. at 7–8 ¶ 25; *id*. at 9 ¶ 41; *see also* ECF No. 72-5 (letter from counsel dated July 25, 2023). Based on this conduct, Plaintiffs each assert claims for: (1) violations of the Fair Labor Standards Act (FLSA), *id*. at 9–10 ¶¶ 42–47; (2) violations of the Colorado Wage Act (CWA), *id*. at 10–12 ¶¶ 48–64; *id*. at 12 ¶ 75[3]; *id*. at 13 ¶ 76; (3) retaliation under the FLSA, *id*. at 13 ¶¶ 65–71; and (4) retaliation under the CWA, *id*. at 14 ¶¶ 72–75.

---

[1] For the purposes of the Court's order on Plaintiffs' default judgment motion, the Court accepts all well-pleaded factual allegations as true. *See Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003) ("Defendant[,] by his default, admits the plaintiff's well-pleaded allegations of fact." (quoting *Jackson v. FIE Corp.*, 302 F.3d 515, 525 (5th Cir. 2002)).

[2] Defendant Matheny had an ownership interest in the Company during Plaintiffs' employment. *See* ECF No. 11 at 5 ¶¶ 2, 4. He is described as a "manager of the company" to whom Mr. Rodriguez "functionally delegated all of the day-to-day decision-making and management authority . . . for the duration of the Plaintiffs' employment period," ECF No. 72 at 8, including the ability and authority to hire and fire employees, set rates of pay, and set employee schedules. *See* ECF No. 11 at 5 ¶ 3; *see also* ECF No. 72 at 8.

[3] The Amended Complaint skips from paragraph 64 to 75. *See* ECF No. 11 at 12. Then, following paragraph 76, the Amended Complaint reverts back to paragraph 65 and proceeds sequentially to a second paragraph 75. *Id*. at 13–14.

2

When all Defendants initially failed to appear, the Clerk of Court's entered default against them on August 28, 2024. *See* ECF Nos. 27–29. Plaintiffs subsequently moved for default judgment. *See* ECF No. 33. While that default judgment motion was pending, Mr. Rodriguez appeared on behalf of himself and the Company, and Plaintiffs withdrew the motion. *See* ECF Nos. 46 and 53. Plaintiffs ultimately settled their claims with Mr. Rodriguez and the Company. *See* ECF Nos. 61 and 69. Critically, however, the settlement "specifically excludes Defendant Matheny from any releases and contemplates filing the instant [M]otion," while also permitting "the other Defendants to seek indemnification against Defendant Matheny if they were to want to do so." ECF No. 72 at 3. Having never appeared in this action, Defendant Matheny remains in default, and Plaintiffs now renew their request for default judgment against him. *See* ECF No. 72.

In the instant motion, Plaintiffs request that the Court enter an order of default judgment against Defendant Matheny and award: $192,912.18 to Plaintiff Miller and $186,476.27 to Plaintiff Smith, each representing back wages, liquidated damages under the FLSA, and statutory penalties under the CWA; and an additional $12,825.00 to Plaintiff Miller and $8,550.00 to Plaintiff Smith as damages for their retaliation claims. *Id*. at 21. Plaintiffs concede that "any amounts actually paid in settlement with [Mr. Rodriguez and the Company]" are to be subtracted from Plaintiffs' total award. *Id*. at 11. Plaintiffs further seek post-judgment interest and an order confirming their entitlement to attorneys' fees and costs, with the specific amounts to be determined through a separate motion. *Id*. at 21.

The Court referred the default judgment motion to Magistrate Judge Braswell on January 20, 2026. ECF No. 73. Magistrate Judge Braswell issued her Recommendation on June 8, 2026, recommending that Plaintiffs' motion for default judgment as to Defendant Matheny be granted. *See* ECF No. 75. Specifically, Magistrate Judge Braswell recommended that Plaintiff Miller be awarded damages in the amount of $205,737.18 and Plaintiff Smith be awarded damages in the amount of $194,232.06—each reduced by any amounts that they have already received through the settlement with Mr. Rodriguez and the Company—that Plaintiffs be awarded post-judgment interest at a daily rate to be determined by the Clerk of Court, and that Plaintiffs be permitted to file a separate motion seeking attorneys' fees and costs. *See id*. at 26.

## II. ANALYSIS

The parties were advised that they had fourteen days after being served with a copy of the Recommendation to file written objections. *See* ECF No. 75 at 26–27; Fed. R. Civ. P. 72(b). No party filed an objection to Magistrate Judge Braswell's Recommendation.

Under 28 U.S.C. § 636(b)(1)(B), this Court may designate a magistrate judge to consider dispositive motions and submit recommendations to the Court. When a magistrate judge submits a recommendation, the Court must "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A party's failure to file such written objections may bar the party from a de novo determination by the district judge of the proposed findings and recommendations. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). When this occurs, the

4

Court is "accorded considerable discretion" and "may review a magistrate's report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas*, 474 U.S. at 150).

After reviewing all the relevant filings, the Court concludes that Magistrate Judge Braswell's analyses were thorough and comprehensive, the Recommendation is well-reasoned, and the Court finds no clear error on the face of the record.

### III. CONCLUSION

Consistent with the above analysis, the Court rules as follows:

(1) The Court AFFIRMS and ADOPTS Magistrate Judge Braswell's Recommendation, ECF No. 75, as an order of this Court.

(2) The Court GRANTS Plaintiffs' Renewed and Amended Motion for Default Judgment (as to Defendant John Matheny Only), ECF No. 72.; and

(3) The Court ORDERS Defendant John Matheny to pay Plaintiffs the following damages, minus any amounts received by Plaintiffs via their settlement with Mr. Rodriguez and the Company:

    i.    For Plaintiff Miller:

        i.   Back pay in the amount of $39,846.60;

        ii.   FLSA liquidated damages in the amount of $33,525.78;

        iii.   CWA penalty in the amount of $119,539.80; and

        iv.   Retaliation in the amount of $12,825.00.

    ii.    For Plaintiff Smith:

        i.   Back pay in the amount of $38,515.50;

ii. FLSA liquidated damages in the amount of $31,620.06;

iii. CWA penalty in the amount of $115,546.50; and

iv. Retaliation in the amount of $8,550.00.

iii. Post-judgment interest at a daily rate as determined by the Clerk of the Court until Defendant Matheny complies with this judgment, pursuant to 28 U.S.C. § 1961.

(4) Plaintiffs shall file a motion for attorneys' fees and costs within THREE WEEKS from the date of this Order.

DATED this day 10th of August 2026.

BY THE COURT:

_____

Charlotte N. Sweeney
United States District Judge